# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE CEN, | CASE NO. 1:09-cv-01728-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| TRIESCH, | (Doc. 1) |
| Defendant. | |

Plaintiff Jamie Cen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Kern Valley State Prison ("KVSP") in Delano, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names Triesch (registered nurse) as the defendant. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims under Section 1983. Thus, Plaintiff's complaint will be dismissed. To the extent that Plaintiff is able to allege additional facts that cure the deficiencies in his claim, Plaintiff is granted leave to file an amended complaint within thirty (30) days.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).
2   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
3   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
4   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

5       In determining whether a complaint fails to state a claim, the Court uses the same pleading
6   standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must
7   contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.
8   R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual
9   allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me
10  accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.
11  Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter,
12  accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550
13  U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's
14  liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id.
15  (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual
16  allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.
17  Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
18  statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

19  **II.    Background**

20      Plaintiff claims that his rights under the Cruel and Unusual Punishments Clause of the Eighth
21  Amendment were violated when Defendant Triesch failed to provide treatment for Plaintiff's broken
22  finger. On August 7, 2007, Plaintiff injured his finger while playing hand ball. Plaintiff requested
23  medical attention and was sent to see Defendant Triesch in the medical clinic. After Plaintiff
24  described his injury, Triesch told Plaintiff to "STOP CRYING, THERE'S NOTHING WRONG
25  WITH YOU, YOUR HAND IS JUST A LITTLE RED AND SWOLLEN." Compl. ¶ 6, ECF No.
26  1 (emphasis in original). Triesch denied Plaintiff's request to see a doctor and sent Plaintiff back
27  to his housing unit with an ice pack. On August 9, 2007, Plaintiff requested medical attention again
28  and was seen by Triesch who denied Plaintiff's request for x-rays.

On August 16, 2007, Plaintiff submitted a "sick call slip" requesting further medical treatment; his request was ignored. Compl. ¶ 10, ECF No. 1. On September 15, 2007, Plaintiff submitted a second "sick call slip." On September 20, 2007, Plaintiff received an x-ray that revealed a "healing fracture" in Plaintiff's finger. Compl. ¶ 12, ECF No. 1. On March 18, 2008, Plaintiff was seen by an orthopedist, who recommended an MRI. Plaintiff received the MRI on April 2, 2008, which showed a "slight deformity" in the first bone of his finger. Compl. ¶ 14, ECF No. 1. On May 28, 2008, the orthopedist informed Plaintiff that "a rotational deformity would persist in plaintiff's right hand/right fifth finger and flexibility would be limited." Compl. ¶ 15, ECF No. 1.

Plaintiff claims that he suffered permanent injury due to Triesch's "deliberate indifference." Plaintiff claims that his finger is permanently and grossly deformed. He claims that the deformity occurred because his finger healed improperly as a result of Triesch's failure to provide proper treatment when Plaintiff first requested treatment.

### III. Discussion

Plaintiff claims that his Eighth Amendment rights were violated when Defendant Triesch failed to treat Plaintiff's broken finger. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be

3

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id.

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

The facts alleged do not support the conclusion that Defendant Triesch acted with deliberate indifference. Triesch saw Plaintiff twice and on both occasions dismissed Plaintiff's injuries as non-serious. Triesch concluded that Plaintiff's hand was "just a little red and swollen," and provided Plaintiff with an ice pack. The fact that Triesch's diagnosis turned out to be erroneous is not sufficient to support a claim under Section 1983. Deliberate indifference entails more than mere negligence. Nothing in Plaintiff's complaint supports the conclusion that Triesch knew that Plaintiff needed more extensive treatment and sent Plaintiff away knowing that he was at risk of further serious injury. Plaintiff only alleges that Triesch made an incorrect diagnosis and treated Plaintiff

rudely. However, those allegations do not rise to the level of a constitutional violation. Thus, Plaintiff fails to state a cognizable claim against Defendant Triesch.

### IV.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   July 15, 2010**                    /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE